UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RYAN JOHNSON,

        Plaintiff,

   v.

WAL-MART STORES, INC., a
Delaware corporation,

        Defendant.
_____/

NO. CIV. 2:10-997 WBS EFB

MEMORANDUM AND ORDER RE:
MOTION TO TRANSFER VENUE

----oo0oo----

        Plaintiff Ryan Johnson brought this action against defendant Wal-Mart Stores, Inc.  Presently before the court is defendant's motion to transfer this action to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a).

I.    Factual and Procedural Background

        On April 23, 2009, plaintiff entered Wal-Mart store #2058 in Raleigh, North Carolina with three of his professional clients to purchase an iPod.  (Compl. ¶ 5.)  While in the store, plaintiff was allegedly falsely accused of stealing an iPod and

1

detained by defendant's employees. (Id. ¶¶ 23-26.) Plaintiff was subsequently arrested by a North Carolina police officer named Officer Maddox at the behest of defendants' employees and incarcerated for approximately eighteen to twenty hours before being released. (Id. ¶¶ 43-45.) On May 11, 2009, criminal charges against plaintiff for obtaining property by false pretense were allegedly dismissed by the Wake County District Attorney because plaintiff "did nothing wrong." (Id. ¶ 47.)

On May 11, 2009, defendant allegedly sent plaintiff a letter stating that he unlawfully took possession of property from defendant and threatened to file a civil suit against him if he did not pay defendant $150.00 within twenty days. (Id. ¶ 49.) On June 8, 2009, defendant again sent plaintiff a letter threatening the commencement of a civil suit if plaintiff did not pay defendant $425.00 within ten days. (Id. ¶ 50.) Defendant allegedly sent another letter to plaintiff reiterating this threat on June 22, 2009. (Id. ¶ 51.) Plaintiff alleges he suffered severe emotional distress as result of these events. (Id. ¶ 52.)

Plaintiff filed this action on April 23, 2010, alleging causes of action against defendant for false imprisonment, slander, assault, battery, conversion, intentional infliction of emotional distress, malicious prosecution, and abuse of process. (Docket No. 1.) Defendant now moves for a change of venue and asks the court to transfer this case to the United States

2

District Court for the Eastern District of North Carolina.[1]

II. <u>Discussion</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[2] Under § 1404(a), a district court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000) (quoting <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)) (internal quotation marks omitted).

To undertake this analysis of "convenience" and the "interests of injustice," a district court may weigh "multiple factors," including the plaintiff's choice of forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the convenience of witnesses and parties, and the ease of access to sources of proof. <u>Id.</u> at 498-99; <u>see</u> <u>DeFazio v. Hollister</u>

---

[1] Throughout their briefs both parties continually refer to the doctrine of <u>forum non conveniens</u>. The use of <u>forum non conveniens</u> was generally displaced with the enactment of the venue statute, 28 U.S.C. § 1404. <u>See</u> <u>Ravelo Monegro v. Rosa</u>, 211 F.3d 509, 512-13 (9th Cir. 2000). <u>Forum non conveniens</u> is now generally invoked when a foreign plaintiff brings a suit in an American defendant's home venue that has little relation to the United States and requires dismissal of the case, rather than transfer of the action to another venue.

[2] The parties do not dispute that this case could have been brought in the Eastern District of North Carolina, as defendant appears to be subject to personal jurisdiction in that district and venue would be proper there. <u>See</u> 28 U.S.C. § 1391(c) ("For purposes of venue . . . , a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").

3

Employee Share Ownership Trust, 406 F. Supp. 2d 1085, 1088-89 (E.D. Cal. 2005) (Karlton, J.); Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). Other factors considered by courts include the availability of compulsory process to compel attendance of unwilling non-party witnesses, the location where relevant agreements were negotiated and executed, the state that is most familiar with the governing law, the differences in the costs of litigation in the two forums, the presence of a forum selection clause, and the relevant public policy of the forum state. GNC Franchising, 211 F.3d at 498-99.

"No single factor is dispositive and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." Ctr. for Biological Diversity v. Kempthorne, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing Stewart Org., 487 U.S. at 29; Sparling v. Hoffman Constr. Co., 964 F.2d 635, 639 (9th Cir. 1988)). Ultimately, the party moving for a transfer of venue under § 1404(a) "bears the burden to show that another forum is more convenient and serves the interest of justice." F.T.C. v. Watson Pharm., Inc., 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009) (citing GNC Franchising, 211 F.3d at 499). Defendant primarily argues that convenience factors warrant transfer of this action. The court will analyze those factors that the parties contend weigh in their favor.

First, plaintiff chose to bring this action in the Eastern District of California. A plaintiff's choice of venue is generally given substantial weight and a defendant normally "must make a strong showing of inconvenience to warrant upsetting the

4

plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); see also Sec. Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). However, "where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." Cohen v. State Farm and Cas. Co., No. Civ. 09-1051 AWI DLB, 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14, 2009) (citing Knapp v. Wachovia Corp., No Civ. 07-4551 SI, 2008 WL 2037611 at *2 (N.D. Cal. May 12, 2008); Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005); Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 990 (E.D. N.Y. 1991)); see also Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.").

Here, the majority of the events giving rise to plaintiff's claims occurred in North Carolina. With the exception of plaintiff's claims for intentional infliction of emotional distress and abuse of process, all of plaintiff's causes of action arise directly from events that occurred while all the parties and witnesses were in North Carolina. Although plaintiff also alleges that he suffered severe emotional distress in part because of three letters sent to him in California by defendant, this allegation only makes up a small subset of his intentional infliction of distress claim which is mostly based on the actions taken by defendant's agents during plaintiff's visit

to Wal-Mart in North Carolina.  (See Compl. ¶ 116 (listing "continuing to threaten plaintiff and demand money from plaintiff" as one of twelve actions taken by defendant to inflict emotional distress).)  The letters sent by defendant are also alleged to constitute "an abuse of process" in plaintiff's thirteenth claim.  (Id. ¶ 133.)  These letters are the only contact that the Eastern District of California has with the activities alleged in the Complaint.

The contacts related to plaintiff's claims in his chosen forum are minimal.  Although defendant undeniably does business in this District and sent several letters here, the vast majority of plaintiff's claims arise from events in North Carolina.  Accordingly, while the fact that plaintiff chose the Eastern District of California as the forum for his action weighs against transfer, the court will not give great weight to this factor.  See Cohen, 2009 WL 2500729, at *3.  Rather, the disconnection between this forum and almost all the activities relevant to plaintiff's claims weighs in favor of transfer.

The next factor in dispute is the convenience of the parties and witnesses.  Plaintiff is a resident of California who lives in Shasta County.  Transfer of this action to North Carolina would accordingly subject plaintiff to an extensive amount of travel and inconvenience.  Defendant is a multi-national corporation who conducts an extensive amount of business in California and across the United States.  It is therefore unlikely that defendant will suffer substantial inconvenience regardless of whether it must defend itself in North Carolina or California.  This factor accordingly weighs against transfer.

There is certainly a risk of inconvenience to witnesses if the court decides not to transfer this action. Defendant has identified several witnesses mentioned in the Complaint who are likely to testify in this action and who reside in North Carolina, including the electronic sales representative who assisted plaintiff (Compl. ¶ 7), a female Wal-Mart manager (id. ¶ 8), two additional sales representatives (id. ¶ 12), customer service agents (id. ¶ 16), the loss prevention agent who allegedly detained plaintiff (id. ¶ 18), and the officer who arrested him (id. ¶ 32). Defendant has provided the names of the individuals who match these descriptions, six of whom live in North Carolina, and one who defendant believes resides in New York. (Melton Decl. ¶ 3; Howard Decl. ¶ 2.) With the exception of Officer Maddox, all of the proposed witnesses are employees of defendant. Ultimately, it is "'the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight.'" See Cohen, 2009 WL 2500729, at *4 (quoting Gundle v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1166 (S.D. Tex. 1994)).

Plaintiff contends that a number of other potential witnesses in this action would be inconvenienced if the matter is transferred. Specifically, plaintiff contends that he will likely call his professional clients, who were with him during the incident at Wal-Mart, to testify. However, at the hearing on defendant's motion, plaintiff indicated that his clients are international recording artists who reside in Maryland who will need to travel regardless of where this case is litigated. What is clear is that they were all voluntarily in North Carolina when

7

the incident in question occurred.

The only other possible witnesses plaintiff argues would be harmed by a transfer are "unidentified or as yet unknown potential witnesses who reside in California." (Opp'n (Docket No. 14) at 5:3-5.) Without knowing precisely who these witnesses are, where they are located, and the relevance of their testimony the court cannot evaluate what, if any, inconvenience a transfer of this action would cause. See Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002); Williams v. Bowman, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001). Accordingly, the convenience of witnesses weighs strongly in favor of transfer.

Another factor at issue is the ease of access to sources of proof and physical evidence. Although many documents related to the case are located in North Carolina, technological advances in document storage and retrieval have minimized the burden of transporting documents. See Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). These documents are also in the custody of defendant and accordingly their transportation, if necessary, would not likely cause defendant any hardship. Inspection of the Wal-Mart store where the incident at issue occurred could necessitate travel to North Carolina, but neither plaintiff nor defendant have indicated any desire to inspect the premises or articulated why such an inspection would be necessary. Accordingly, the ease of access to sources of proof favors neither venue.

The next factor for consideration is the cost of litigation to the parties in each forum. Regardless of whether

8

this action is transferred, the parties will be forced to travel to North Carolina to depose the non-party witnesses that reside there.  See Fed. R. Civ. P. 45(c)(3) (non-party witnesses may only be compelled to testify within 100 miles of their residence or place of business).  Plaintiff has not identified any witnesses that need to be deposed in California outside of himself.  Although plaintiff's counsel will have to travel to North Carolina to litigate the case if it were transferred, such travel is inevitable.  It was plaintiff who chose to be represented by an attorney in California rather than one in North Carolina.  Given that the witnesses are by and large located in North Carolina, it seems just as likely that transferring the case there would decrease plaintiff's costs by consolidating the action in the area where the majority of discovery will take place.  Accordingly, this factor weighs slightly in favor of transfer.

        Plaintiff also contends that the Eastern District of California has a local interest in the lawsuit, which favors denying defendant's motion.  While California conceivably has an interest in protecting its residents from harassment, North Carolina has at least an equal interest in protecting those entities that are residents of and do business within its state as well as seeing that visitors and those conducting business within its state are not subject to harassment.  This case is not a localized controversy since the events that gave rise to this action by and large occurred in North Carolina.  In fact, the parties agree that this case will largely, if not entirely, be governed by North Carolina tort law.  Although it is not clear

9

what, if any, unique legal issues will arise out of North Carolina tort law, the District Court of the Eastern District of North Carolina will certainly be more familiar with the intricacies of North Carolina law than this court. Accordingly, these factors weigh slightly in favor of transfer.

On balance, the § 1404(a) factors weigh in favor of transferring this action to the United States District Court for the Eastern District of North Carolina. North Carolina has more significant contact to plaintiff's claims, which will be governed by North Carolina law, and almost all of the witnesses and sources of proof reside there. While plaintiff's choice of forum generally receives substantial weight, this case's minimal connections to the Eastern District of California greatly diminish the importance of that choice. Accordingly, for the convenience of the parties and witnesses and in the interests of justice, this action will be transferred to the Eastern District of North Carolina.

IT IS THEREFORE ORDERED that defendant's motion to transfer venue to the Eastern District of North Carolina be, and the same hereby is, GRANTED.

DATED: July 21, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10

Case 5:10-cv-00289-F   Document 19   Filed 07/22/10   Page 10 of 10